UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| FRANK J. PITTRO, JR., ) | |
| ) | No. 4:16-cv-105 |
| Petitioner, ) | |
| ) | Judge Mattice |
| v. ) | Magistrate Judge Lee |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Federal inmate Frank Pittro, Jr., filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on November 8, 2016, challenging his enhanced sentence under the Armed Career Criminal Act (the "ACCA"). (Doc. 1). He filed a supplement (Doc. 3) to his motion on June 18, 2018, and a second Motion to Vacate (Doc. 6) on November 6, 2019. As ordered, the United States responded to Petitioner's original Motion (Doc. 8), and Petitioner filed a reply on December 19, 2019 (Doc. 10). Having considered the pleadings and the record, along with the relevant law, the Court finds there is no need for an evidentiary hearing[1] and Pittro's § 2255 motions will be **DENIED**.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On January 28, 2014, a grand jury indicted Petitioner on two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. 1). Pittro pleaded

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

guilty to both counts of the indictment. (Crim. Doc. 18). In the Presentence Investigation Report, the United States Probation Office identified Pittro as an armed career criminal subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). This classification was assigned based on four predicate offenses: aggravated assault, two convictions for aggravated assault with an intent to commit murder, and second-degree murder. (Crim. Doc. 21 at ¶¶ 31, 32, 33 and 35).

The ACCA imposes a mandatory minimum sentence of 15 years for any felon convicted of unlawfully possessing a firearm who has "three previous convictions… for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as a crime punishable by more than one year of imprisonment, that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another (the "use of force clause"); (ii) is burglary, arson, or extortion, or involves use of explosives, (the "enumerated offense clause"); or (iii) otherwise involves conduct that presents a serious risk of physical injury to another (the "residual clause"). *See* 18 U.S.C. § 924(e).

Pittro objected to the presentence investigation report, arguing none of his convictions were predicate offenses under the ACCA. (Crim. Doc. 25 & 29). The Government argued that all four prior convictions were predicate offenses, either under the ACCA's use of force clause or the residual clause. (Crim. Doc. 31). The Court overruled Petitioner's objections to the presentence investigation report and found the aggravated assault and assault with intent to commit murder convictions each constitute a predicate offense under the use of force clause of the ACCA. (Crim. Doc. 44 at 34, 39 & 59). The Court further found the second-degree murder conviction was a predicate offense under

the ACCA's residual clause. (*Id.* at 76). Based on his armed career criminal status, the Court sentenced Petitioner to 180 months imprisonment. (Crim. Doc. 40).

Pittro appealed, challenging the Court's finding that his prior convictions were predicate offenses under the ACCA. (Crim. Doc. 42; Crim. Doc. 45 at 1). On April 29, 2016, the United States Court of Appeals for the Sixth Circuit affirmed Pittro's conviction and sentence. The court held:

> Defendant's prior convictions for aggravated assault and assault with intent to commit murder required a threat "to do violence." A threat "to do violence" necessarily involves "threatened use of physical force against the person of another." Therefore, Defendant's prior convictions for aggravated assault and assault with intent to commit murder qualify as violent felonies under the ACCA's "use-of-physical-force" clause.

*United States v. Pittro*, 646 F. App'x 481, 485 (6th Cir. 2016). Having found Pittro was convicted of three predicate offenses under the use of force clause, the Sixth Circuit did not reach the issue of whether his conviction for second degree murder was also a predicate offense. *Id.* at 483 n.2.

Petitioner did not file a petition for certiorari and his conviction therefore became final on July 28, 2016. *See* U.S. Sup. Ct. R. 13.1. Petitioner timely filed a Motion to Vacate (Crim. Doc. 47; Doc. 1) on November 8, 2016, followed by a supplement to the motion (Doc. 3), and, on November 6, 2019, a second Motion to Vacate (Doc. 6).

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those

3

of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. ANALYSIS

Pittro now challenges his conviction and sentence on three grounds. First, he contends the Court was confused at the sentencing hearing and consequently erred when it held that Petitioner's aggravated assault conviction was a violent felony. He cites selectively to a portion of the sentencing hearing transcript in which the Court was discussing the evolving state of the law surrounding the ACCA at the time. (Doc. 1 at 2; Crim. Doc. 44 at 52-53). Second, Petitioner claims the Assistant United States Attorney committed fraud on the Court and/or misled the Court when he attempted to distinguish authority cited by defense counsel. The Government's counsel incorrectly stated that the United States Sentencing Guidelines do not include a use of force clause in § 2L1.2, an error immediately pointed out by defense counsel. (Doc. 44 at 46-47). This misstatement, Petitioner contends, convinced the Court not to rely on *United States v. Rede-Mendez*, 680 F.3d 552 (6th Cir. 2012), which Petitioner believes is dispositive here. (Doc. 1 at 3). Finally, Petitioner contends his trial counsel was ineffective for failing to point out the prosecutor's misstatements and failing to aggressively argue that *Rede-Mendez* was binding precedent. (Doc. 1 at 4-5). In fact, the transcript demonstrates his counsel immediately corrected the Government's error and discussed *Rede-Mendez* at length. (Doc. 44 at 43-47)

The decision of the United States Court of Appeals for the Sixth Circuit in Pittro's appeal is fatal to his claims on collateral review. All three challenges to his sentence are based on the argument that if something had not gone wrong, the Court would have ruled

4

that his prior convictions were not predicate offenses under the ACCA. But the Sixth Circuit has since held that his prior convictions *were* predicate offenses under the ACCA. *See Goldberg v. Maloney*, 692 F.3d 534 (6th Cir. 2012) ("Once an appellate court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (citation and quotation omitted)) The court examined the statutes he was convicted under as they existed at the time, namely Fla. Stat. § 784.04 and Fla. Stat. § 784.06. *Pittro*, 646 F. App'x at 483-85. The court found these crimes necessarily involve the use, attempted use, or threat of physical force, and therefore constitute violent felonies under the ACCA's use of force clause. *Id.* at 485.

The Sixth Circuit's holding forecloses any argument that Petitioner's prior convictions were not predicate offenses subjecting him to a mandatory minimum sentence under 18 U.S.C. § 924(e). The court's earlier ruling in *Rede-Mendez* is distinguishable, as it dealt with aggravated assault under New Mexico law. *See Rede-Mendez*, 680 F.3d at 557 ("New Mexico's definition of aggravated assault is also broader than the generic version because the underlying assault can be committed solely by using insulting language."). In contrast, the Sixth Circuit held that under Florida law, "assault always involves the threat of physical force." *Pittro*, 646 F.3d at 485. Assuming, counterfactually, that the Court was confused, the Government mislead the Court, and defense counsel failed to vigorously push the applicability of *Rede-Mendez*, Pittro's motion would still fail because the Sixth Circuit conclusively determined that his prior convictions categorically qualify as violent felonies.

Likewise, Petitioner cannot satisfy the standard for an ineffective assistance of counsel claim because he cannot demonstrate that he was prejudiced by a deficiency in the performance of his trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-

5

88, 694 (1984); *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying *Strickland* test to § 2255 claims). In other words, he cannot show that there is a reasonable probability that but for counsel's alleged acts or omissions, the results of the proceedings would have been different. *Id.* Petitioner was properly classified as an armed career criminal, and any purported failure of his counsel to object to that classification would have been, and indeed was, unsuccessful.

Finally, Petitioner's second Motion to Vacate (Doc. 6) is denied as untimely. Petitioner's conviction became final on July 28, 2016, 90 days after the Sixth Circuit affirmed his conviction and sentence. To the extent Petitioner argues that a new rule applies to his case that has been made retroactively applicable on collateral review, the Court disagrees. The cases Petitioner cites relate primarily to the constitutionality of residual clauses in various federal statutes. *See, e.g., United States v. Davis*, 139 S. Ct. 2319 (2019) (residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (residual clause of 18 U.S.C. § 16 unconstitutionally vague); *Johnson v. United States*, 135 S. Ct. 2551 (2015) (residual clause of the ACCA unconstitutionally vague). Again, the Sixth Circuit affirmed his sentence based on the finding that he had three predicate offenses under the use of force clause, not the residual clause. Other authority cited by Petitioner relates to the procedure courts must follow in determining whether crimes defined by state law constitute violent felonies within the meaning of the ACCA. *See Mathis v. United States*, 136 S. Ct 2243 (2016) (where elements of a state law are broader than generic enumerated offense, conviction cannot give rise to ACCA sentence); *Descamps v. United States*, 570 U.S. 254 (2013) (courts cannot use a modified categorical approach to sentencing under the ACCA

when the crime has a single, indivisible set of elements). Finally, Petitioner cites *Johnson v. United States*, 130 S. Ct. 1265 (2010), regarding a battery conviction under Florida law.

None of these cases extend the time within which Petitioner was required to bring his § 2255 motion. Accordingly, his petition was required to be filed by July 28, 2017, and his second motion (Doc. 6) is over two years late. *See* U.S. Sup. Ct. R. 13.1; 28 U.S.C. § 2255(f); *Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). *United States v. Pittro* is still good law, Petitioner's cases do not alter its application here, and his second motion to vacate (Doc. 6) will be denied as untimely.

### IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.     CONCLUSION

For the reasons stated herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and his § 2255 motions (Doc. 1 & Doc. 6) will be **DENIED**. A certificate of appealability from the denial of his § 2255 motion will be **DENIED**. A separate judgment will enter.

**SO ORDERED** this the 21st day of January, 2020.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
